Robert D. Smeltz, by his Father and next friend, David S. Smeltz, *v.* The Pennsylvania Railroad, Appellant.

*Negligence—Railroads—Crossings—Infant.*

In an action by a boy five years old against a railroad company to recover damages for personal injuries, the case is for the jury where the evidence for the plaintiff, tended to show that the plaintiff approached a street crossing and found it obstructed by the last car of an east bound train ; that he waited until the train passed, and then crossed immediately behind the last car, and was struck by the engine of a west bound train on the second track ; that no notice was given of the approach of the west bound train ; that it came upon the crossing as the other train moved off and that it could not be seen by a person crossing the first track until he was almost in front of the engine.

Argued May 18, 1898. Appeal, No. 470, Jan. T., 1896, by defendant, from judgment of C. P. Lancaster Co., March T., 1894, No. 36, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BRUBAKER, J.

The facts appear by the opinion of the Supreme Court.

Defendant's point and the answer thereto were as follows :

Under all the evidence in this case the verdict of the jury should be in favor of the defendant. *Answer :* This point is refused.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* among others was above instruction.

*H. M. North,* for appellant.—Upon the undisputed facts, the case is simply one of a little thoughtless child, running suddenly to cross before an engine, at a place where the engineer would not expect it, and being knocked down and injured before the engine could be ordinarily stopped : P. & R. R. R. v. Spearen, 47 Pa. 301 ; Hestonville Pass. Ry. v. Connell, 88 Pa. 520 ; B. & O. R. R. v. Schwindling, 101 Pa. 258 ; Gillespie v. McGowan, 100 Pa. 144 ; P. & R. R. R. v. Heil, 5 W. N. C. 91 ; Moore v. P. R. R., 99 Pa. 301 ; Chilton v. Cent. Traction Co., 152 Pa. 425 ; R. R. v. Morgan, 82 Pa. 134.

*C. E. Montgomery*, for appellee.—Negligence is always a question for the jury when there is any doubt as to the facts or inferences to be drawn from them: Johnson v. Brunner, 61 Pa. 58; McCully v. Clark, 40 Pa. 406; Ely v. Pitts., etc., Ry., 158 Pa. 233; Howett v. P., W. & B. R. R., 166 Pa. 607; Haverstick v. Pa. R. R., 171 Pa. 101; Howard Exp. Co. v. Wile, 64 Pa. 201; Davidson v. Schuylkill Tract. Co., 4 Pa. Superior Ct. 86; McCloskey v. Chautauqua Lake Ice Co., 174 Pa. 34; Wilson v. P. R. R., 177 Pa. 503; Philpott v. P. R. R., 175 Pa. 570.

The cases cited by the appellant in his argument do not apply to the case in hand, because the accidents did not occur on public crossings, and no negligence in any of the cases was proved. The evidence in this case was sufficient to establish negligence: Roberts v. D. & H. Canal Co., 177 Pa. 183; P. & R. R. v. Long, 175 Pa. 257; P., W. & B. R. R. v. Layer, 112 Pa. 414; P. R. R. v. Coon, 111 Pa. 430; P. & R. R. R. Co. v. Killips, 88 Pa. 413; Lederman v. P. R. R., 165 Pa. 118; Gray v. P. R. R., 172 Pa. 383; Taylor v. D. & H. C. Co., 113 Pa. 176; Pa. Co. v. James, 81* Pa. 194; Pitts., Ft. Wayne, etc., Ry. v. Dunn, 56 Pa. 280.

OPINION BY MR. JUSTICE FELL, May 26, 1898:

At the east end of its station at Lancaster the tracks of the defendant's road cross Christian street. The plaintiff, a boy five years old, was returning by this street to his home. When he reached the crossing he found it obstructed by the last car of an east bound train which had left the station and stopped at the water tank. He waited until the train passed, and then crossed immediately behind the last car, and was struck by the engine of a west bound train on the second track. The latter train had approached the station from a cut, and was hidden from view by the embankments and by the standing train. Whether the plaintiff was at the crossing when he was struck, or had passed from it to the train shed, and was in front of the station, was the main question in dispute at the trial. The defendant's contention was that the plaintiff was struck in front of the station by a slowly moving train of the approach of which due notice had been given. If this was the case there was no ground for recovery, and, if it had been shown by undisputed testimony, a verdict should have been directed for the defend-

ant. The case would have been that of a child running suddenly in front of an engine at a place where there was no reason to apprehend such a thing.

There was, however, testimony which tended to show that the plaintiff was struck at the street crossing ; that no notice was given of the approach of the west bound train; that it came upon the crossing as the other train moved off, and that it could not be seen by a person crossing the first track until he was almost in front of the engine. This testimony, in an action by one to whom contributory negligence could not be imputed, the court was bound to submit to the jury. An adult, under the circumstances, could not have recovered; he would have been held to the duty of waiting until the train which had obstructed the crossing had passed, and until he had a full view of the second track. But as the negligence of the child was not a bar to his recovery, we have only to consider whether the plaintiff's testimony standing alone would justify the inference of negligence on the part of the engineer. If in the heart of a populous city, and from a point where his train could not be seen by those on the street, and without giving notice in any manner, the engineer ran his engine over a street crossing which had just been cleared by a train which had obstructed it for some minutes, the jury might well find that he acted negligently. Any prudent person might apprehend that those whose way had been obstructed by a standing train would attempt to cross as soon as it had passed. It would have been a clear invasion of the province of the jury to have withdrawn the question from them.

The judgment is affirmed.