# Daubert v. Delaware, Lackawanna and Western Railroad Company, Appellant.

| | |
|---|---|
| 199 | 345 |
| 202 | 508 |
| 199 | 345 |
| 206 | 163 |
| 199 | 345 |
| 214 | 228 |
| 199 | 345 |
| 33 SC | 16 |
| 199 | 345 |
| f218 | 193 |
| 199 | 345 |
| 36 SC | 580 |

*Negligence—Railroads—Infant—Duty of parents.*

In an action against a railroad company to recover damages for the death of plaintiff's son, a boy nine years old, it appeared that the accident occurred at a point where a highway crossed defendant's tracks at grade at the end of a station platform. The plaintiff's house was on one side of the railroad, and his shop on the other side. Immediately before the accident the boy had been sent by his mother from the house to the shop to get some money to pay for groceries. The boy went to the station platform where he met a companion. At this point there were two tracks, one being the main track, and the other a switch. A train standing on the main track in front of the station, moved out to go north. The boys ran on the platform after the train, and when they reached the end of the platform at the highway endeavored to cross the railroad at the same speed immediately in the rear of the moving train. The deceased was struck and killed by a train going south on the switch. A newsboy waiting for papers coming on the train that caused the accident, and a passenger intending to take the train, testified that they heard no signal, and that the engine when approaching the crossing could not be seen from the platfrom by reason of the departing train. They also said that the train was moving at a pretty good speed. Two other witnesses said that they did not observe any signal given. This testimony was contradicted by four

of the crew of the incoming train, and another witness. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued April 17, 1901. Appeal, No. 10, Jan. T., 1901, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1894, No. 79, on verdict for plaintiff in case of Lewis Daubert v. Delaware, Lackawanna & Western Railroad Company. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass for death of plaintiff's son. Before Halsey, J.

The facts are stated in the opinion of the Supreme Court.

Plaintiff's counsel offered in evidence rules and regulations of the defendant company in force at that time in regard to the running of trains, and called particular attention to the following rules :

" Rule 35. No train or engine will run into or past a station at which a passenger train is standing unless signalled by the conductor of the standing train to do so."

" Rule 40. Switches. Whenever and wherever trains take a switch the same must in every and all cases be kept locked until the train or trains for which the switch has been taken have passed."

" Rule 50. Engineers must pass all stations cautiously whether they are to stop or not."

Defendant's counsel: We object to the introduction of these rules, as being immaterial and irrelevant under the facts of the case. They have no application whatever to this case.

The Court: We will take it. Exception noted for the defendant and bill sealed. [7]

The court charged in part as follows :

Gentlemen of the jury, I think I am bound to say to you that it is not within your consideration any question as to the negligence of this company growing out of Rules 35 and 50, because I do not think the facts would justify me in permitting you to take it into consideration. The only question here is was this company negligent in not giving the warning of its approach to this crossing on this particular morning when this young man, William Henry Daubert, was killed, and there would

be no authority in us to permit you to find upon any other question of negligence except upon this particular one.

The court refused binding instructions for defendant. [1]

Verdict and judgment for plaintiff for $2,776. Defendant appealed.

*Errors assigned* were (1) above instructions; (7) rulings on evidence, quoting the bill of exceptions.

*Andrew H. Mc Clintock* and *Henry W. Palmer*, for appellant. —It would be unfair to leave the company's negligence as the only question for the jury, because the child was of such immature years that he could not be guilty of contributing to the accident, and at the same time, leave out of question, in a suit by the parents, the undisputed fact, proved by the plaintiff, that the child had been sent into danger from which he was not able, because of his immature years, to protect himself: Dunseath v. Pittsburg, Allegheny, etc., Traction Co., 161 Pa. 124; Woeckner v. Erie Electric Motor Co., 182 Pa. 182; Cato v. Allegheny Valley R. R. Co., 30 P. L. J. 18; P. & R. R. R. Co. v. Hummell, 44 Pa. 375.

The boy was a mere loiterer on the platform of the station, and was in no sense a traveler on the highway, and therefore the company owed him no duty, and further no amount of care on the part of the company could have prevented the accident: Funk v. Electric Traction Co., 175 Pa. 559.

*John T. Lenahan*, with him *Edward A. Lynch*, for appellee. —The evidence of defendant's negligence was sufficient to submit to the jury: Smeltz v. Penna. R. R. Co., 186 Pa. 364; Longenecker v. Penna. R. R. Co., 105 Pa. 332; Quigley v. Del. & Hud. Canal Co., 142 Pa. 388; Harlow v. Boro. of Homestead, 194 Pa. 376; Grambs v. Lynch, 20 W. N. C. 377; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 496; Haverstick v. Penna. R. R. Co., 171 Pa. 176; Wilson v. Penna. R. R. Co., 177 Pa. 511; Faust v. P. & R. Ry. Co., 191 Pa. 423.

The proposition of counsel for appellant that the mother of the boy contributed to the negligence, and, therefore, there can be no recovery, is without merit: Beach on Contributory Negligence, sec. 45.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901 :

In 1893, Lewis Daubert, the appellee, resided with his family in the village of Beach Haven, Luzerne county. The defendant company's road passes north and south through the village with a station several feet from a public highway crossing the railroad east and west. The station platform extends to the highway. The main track of the railroad runs immediately in front of the platform of the station, and on the east side of and about thirteen feet from the track is a long switch used for passing trains, connecting with the track about 2,000 feet north of the highway crossing. Daubert's house was on the highway and a short distance west of the railroad track. He was a blacksmith and had a shop on the highway east of the crossing. Shortly before eight o'clock on the morning of November 18, 1893, the appellee having gone to his shop, his son, Willie Daubert, a boy of nine years, was sent by his mother on an errand to his father at the shop. Mrs. Daubert desired some sugar from the grocery store of the village and the boy was sent to his father to get the money to pay for it. This necessitated the boy crossing the defendant's road. He went to the station platform of the railroad where he met a companion. A train standing in front of the station moved out to go north. The boys continuing on the platform, ran after the train and when they reached the end of the platform at the highway endeavored to cross the railroad at the same speed, immediately in the rear of the moving train. That was the direction which Willie Daubert was required to go to perform his errand. His companion succeeded in crossing in safety, but he was struck and killed by a train going south on the switch. The plaintiff brought this action to recover damages for the death of his son which he alleges was occasioned by the negligence of the defendant company. This was the only question submitted to the jury by the learned judge of the court below. The trial resulted in a verdict and judgment for the plaintiff from which the defendant appealed.

The reasons assigned in support of this appeal and to defeat the plaintiff's recovery are that Mrs. Daubert's act in sending her son on the errand contributed to the accident; that the child was a trespasser on the platform and the company owed him no duty and he was not a traveler on the highway at the time of

the accident; and that plaintiff's proof of the want of necessary signals of the approach of the train on the siding was totally inadequate.

Neither of these positions, in our judgment, is well taken. Nor are they supported by the authorities cited by the learned counsel for the appellant. The boy was killed on a public crossing in a small village. He was familiar with the place and had been accustomed to cross the tracks at that point frequently on his way to school and to his father's shop. He was of sufficient age to be trusted alone on the street. At the time of the accident, he was not on the station platform nor on the company's premises, but was on the highway and traveling in the proper route to take him to the place where his errand required him to go. His presence on the platform prior to the accident in no way affects the case. He had returned to the highway and was proceeding on his mother's errand when he was struck by the locomotive. We cannot sustain the proposition that, under the circumstances of this case, Mrs. Daubert was guilty of negligence in sending her child on this errand. This would be great injustice and a hardship on many parents who must necessarily avail themselves of the assistance of their children. It would practically deprive the parents of any use of their children and prevent them from leaving the house unless accompanied by an adult person. Such a rule of conduct lacks reason and is without authority to sustain it. The decisions cited in support of the appellant's contention arose under facts entirely dissimilar to the facts of this case. In those cases, the child was of very tender years, was permitted to stray on the railroad track, was unattended, or was in a place it had no right to be. Not one of these facts appears in the case at bar.

The second reason urged in support of the appellant's contention, that the child was a loiterer on the platform and not a traveler on the highway, ignores the facts of this case. The child was at the intersection of the tracks and highway at the time he was killed, and the court would have been compelled to set aside a verdict finding the contrary. The duty owed the boy by the defendant company therefore was such as it was required to observe toward him while at a crossing and not on the platform of its station.

It is further maintained by the appellant that its employees

in charge of the train with which the collision occurred, were not guilty of negligence in approaching the crossing and that there was no sufficient evidence of negligent conduct on the occasion to justify its submission to the jury. This was the only question submitted to the jury by the court, and we think upon evidence that justified a verdict against the defendant.

Edward Campbell, a newsboy, was on the platform at the station awaiting the arrival of the train that caused the accident. It carried his papers. B. F. Thomas was at the station with the intention of taking this train for Berwick. Both witnesses testify that they heard no signal of the approaching train and that its engine when approaching the crossing could not be seen from the platform by reason of the departing train. They also say it was moving at a pretty good speed. They each had a reason, as well as an opportunity for hearing the signal of the incoming train. This evidence is relieved from the weakness of purely negative testimony and brings the case within the doctrine of Longenecker v. Penna. R. R. Co., 105 Pa. 329, and Quigley v. Delaware and Hudson Canal Co., 142 Pa. 388. These witnesses were interested in the arrival of the train and hence their attention would be attracted by any signal of its approach to the station. Common experience teaches that such persons will observe the warnings of an incoming train when others, with no object in awaiting its arrival, might not hear the signal.

In addition to these witnesses, John Sink was at the station that morning and he testifies that he did not hear a bell ring or a whistle blow. Edward Kester, an employee of the defendant company, was standing on the rear platform of the last car of the outgoing train. He says he did not observe any signal given.

This evidence was met by the testimony of four of the crew in charge of the incoming train and another witness. One of the employees testified that the whistle was blown for the station when the engine was about 2,700 feet north of it, and all of them testified that the bell was rung as the train approached the crossing. There were some alleged contradictions of at least two of these witnesses.

The trial court was right in submitting this evidence to the jury to determine whether proper signals of the approaching

train were given for the crossing at which Willie Daubert's life was taken. It was clearly for the jury and could not have been withdrawn from it without manifest error.

The seventh assignment alleges error in admitting in evidence certain rules and regulations of the defendant company offered by the plaintiff. It is not clear that the evidence was incompetent or irrevelant. In his charge, however, the learned trial judge withdrew this testimony from the consideration of the jury, and we are satisfied that it did not prejudice the minds of the jury in their consideration of the case. No motion was made to strike it out nor any point presented by the defendant requesting the court to charge the jury to disregard it. We see no reason for sustaining the assignment.

In closing this opinion, we will quote what was said by our Brother FELL in Smeltz v. Pennsylvania R. R. Co., 186 Pa. 364, the facts of which case are very similar to those in the case at bar : " There was, however, testimony which tended to show that the plaintiff was struck at the street crossing; that no notice was given of the approach of the west-bound train ; that it came upon the crossing as the other train moved off, and that it could not be seen by a person crossing the first track until he was almost in front of the engine. This testimony, in an action by one to whom contributory negligence could not be imputed, the court was bound to submit to the jury."

The assignments are overruled and the judgment is affirmed.