## Kost v. Ashland Borough, Appellant.

*Negligence—Boroughs—Infant—Fall of pole—Evidence—Electric light company—Secondary liability of borough.*

1. In an action against a borough to recover damages for the death of a child caused by the fall of a pole in a street, where it appears that the pole had been standing in the street for many years, and had become decayed, but with little indication of decay on the surface of the pole, it is reversible error to refuse to permit the borough to show that the pole had been erected by an electric light company that had authority under its charter to erect poles in the borough streets.

2. In such a case the fact that the pole was erected by a light company, does not relieve the borough from the duties of supervision and inspection, but its duty is secondary, and the rule in relation thereto is less stringent than that which would apply if the pole had been unlawfully on the street, or had been erected by the borough, and was under its sole management. The duty of the borough in the care of its streets is not to seek for defects, but to observe them when they become observable in the exercise of reasonable supervision.

*Negligence—Infant—Damages—Excessive verdict.*

3. In an action to recover damages for the death of a little girl ten years old a verdict of $3,500 for plaintiff is excessive, where the total loss proved, including all expenses incurred, was $122.69, and the only other proof on the subject of loss was that she assisted an older sister in household work, and the care of younger children of the family. In such a case a recovery must be based on proofs, and without them, no verdict should be permitted to stand.

Argued February 12, 1912. Appeal No. 156, Jan. T., 1912, by defendant from judgment of C. P. Schuylkill Co., Sept. T., 1909, No. 381, on verdict for plaintiff in case of Charles Kost v. Ashland Borough. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries to a little girl ten years old. Before SHAY, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the following offer was made:

Mr. Reilly: We now make a formal offer of the letters patent and the charter of the Ashland Illuminating Company for the purpose of showing that they have the authority to erect their poles on the streets, lanes and alleys of the borough of Ashland.

The Court: There is no doubt about that proposition.

Mr. Freiler: We object to that as being incompetent.

The Court: Subject to such regulations as the borough may adopt. But I do not see that it is evidence in this case.

Mr. Reilly: I hope to satisfy your honor that it is very important, the point being that this pole was lawfully upon the public highway. Then the liability of the municipality raises a very different question.

Mr. Freiler: We object to the offer of the charter at this time on the ground that it is incompetent, irrelevant and immaterial.

The Court: We sustain the objection.

Defendant excepts. Bill sealed. (1)

We propose to show that the pole was placed there by the Ashland Electric Illuminating Company, a corporation duly incorporated by law, which had, under its corporate rights and by the laws of the Commonwealth, the right to place its poles upon the public streets, lanes and alleys of the borough of Ashland.

The Court: Subject to such regulation and supervision as the borough would lay down by ordinance.

Mr. Reilly: That may or may not be the case.

The Court: That is the law.

Mr. Reilly: Our position will be that this company had the right of eminent domain to go there, of course, subject in its exercise to the regulations of the town council, but the council could not prohibit them from a

reasonable exercise of their rights. And further, we propose to prove by the witness on the stand that he had a familiar knowledge of the pole in question and its condition for some time prior to the accident and immediately preceding the same, and that a short time prior to the accident he inspected and examined the pole and found it then to be apparently in safe condition, no evidences of any weakness or to be in a bad or unsafe condition. This is offered as evidence for the purpose of showing that the defendant here was not negligent.

Mr. Freiler: The first part of the offer is objected to for the reason that it is incompetent, irrelevant and immaterial, the borough of Ashland having the burden placed upon it under the law to keep safe passage-way along its highways, and for the further reason that they are primarily liable to all travelers on the highways of that borough. With regard to the inspection of the pole, I do not think any objection would lie.

The Court: No. I think they would have to show that. We sustain the objection as made to the first part of the offer; the second part you can prove; and we give you a bill.

Defendant excepts. Bill sealed. (2)

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Errors assigned,* among others, were (1, 2) rulings on evidence quoting the bill of exceptions and (5) refusal of binding instructions for defendant.

*James B. Reilly* and *W. C. Devitt,* for appellant.—It was pertinent and material in the issue being tried to show by way of defense that this pole was a lawful structure—not an obstruction or nuisance per se, as well as to show that it was apparently in safe and sound condition. It had a significant bearing upon the vital question in the case—defendant's liability primarily.

No negligence was shown on the part of the borough: Burns v. Bradford, 137 Pa. 361; Del. & Atl. Tel. & Tel. Co.'s Petition, 224 Pa. 55; Lohr v. Philipsburg Borough, 156 Pa. 246.

Under the evidence appellant contends that it had no notice, actual or implied, of the defect in this pole, and therefore negligence cannot be imputed to it: Yeager v. Berwick Borough, 218 Pa. 265; Lohr v. Philipsburg Borough, 156 Pa. 246; McLaughlin v. Kelly, 230 Pa. 251; Lindstrom v. Penna. Co., 212 Pa. 391; Murdaugh v. Oxford Borough, 214 Pa. 384; Johns v. Penna. R. R. Co., 226 Pa. 319; Burns v. Bradford, 137 Pa. 361; Garland v. Wilkes-Barre, 212 Pa. 151; Brader v. Lehman Twp., 34 Pa. Super. Ct. 125.

The verdict was excessive: Hollinger v. York Rys. Co., 225 Pa. 419; Penna. R. R. Co. v. Kelly, 31 Pa. 372; Penna. R. R. Co. v. Zebe, 33 Pa. 318; Caldwell v. Brown, 53 Pa. 453.

*W. L. Kramer* and *R. A. Freiler,* for appellee.—Under the charter of a municipal corporation the repair of its streets and the removal of nuisances therefrom, is a duty clearly enjoined by statute, and it is authoritatively ruled, that a corporation which is bound by its charter to keep its streets in repair, and remove nuisances therefrom, is liable for an injury occasioned by its neglect to do so, and it is immaterial whether the neglect was wilful or not: Erie v. Schwingle, 22 Pa. 384; Dean v. New Milford Township, 5 W. & S. 545; Pittsburg v. Grier, 22 Pa. 54; Norristown v. Moyer, 67 Pa. 355.

Nowhere in the evidence is it contended that the borough ever made any inspection of this pole but the uncontradicted evidence of the officers, whose duty it was to make such inspection, shows clearly that they never made any: Born v. Allegheny and Perryville Plank Road Co., 101 Pa. 334; Lohr v. Philipsburg Boro., 156

Pa. 246; New Hope Borough v. Western Union Tel. Co., 16 Pa. Superior Ct. 306.

The verdict was proper: Hoon v. Traction Co., 204 Pa. 369; Hollinger v. York Rys. Co., 225 Pa. 419.

OPINION BY MR. CHIEF JUSTICE FELL, April 29, 1912:

This action was by a parent to recover for the loss occasioned by the death of a child, ten years of age, who was killed by the falling of a pole in a public street. The pole was erected some fifteen or twenty years before the accident and its use was to sustain an electric light pole on the opposite side of the street with which it was connected by a steel cable. It broke at or near the surface of the ground where it was much decayed, but the decay was from the inside and there was but little if any indication of decay on the surface of the pole. It was undoubtedly in a dangerous condition, there being only a mere shell of sound wood on the outside. The question of the exercise of reasonable care in the supervision and inspection by the borough was, under the circumstances, for the jury and the general instruction in relation thereto was free from error.

The case, however, was tried by the plaintiff and submitted by the court to the jury on the theory that the duty of the borough was the same whether the pole had been erected by the borough or by a corporation having the right to use the streets of the borough for that purpose. The defendant offered testimony to show that the pole had been placed at the side of the street by an electrict light company that had authority under its charter powers and the laws of the Commonwealth to erect poles in the borough streets. These offers were overruled. It was competent for the defendant to show that the pole was not unlawfully upon the street, but had been erected by a corporation that had a legal right to erect it and upon whom the duty to maintain it in a safe condition primarily rested. This fact would not have relieved the defendant from the duty of supervision

and inspection, but its duty would have been secondary and the rule in relation thereto is less stringent than that which would apply if the pole had been unlawfully upon the street or had been erected by it and was under its sole management. The duty of a municipality to keep its streets in a reasonably safe condition extends to cases where an unsafe condition of its streets is brought about by others than its agents. But as the basis of an action against it is negligence and its duty is that of inspection, it must be shown that it had notice of the defect or might have known thereof by the use of reasonable care and watchfulness: 28 Cyc. 1353. Its duty in the care of its streets was not to seek for defects but to observe them when they became observable in the exercise of reasonable supervision: Lohr v. Philipsburg Boro., 156 Pa. 246.

The objection that there was no evidence of the probable earnings of the child during minority that would sustain a verdict for the amount awarded by the jury is not based on an exception, but as the case goes back for trial it is proper to say that we find no evidence to justify the amount of the verdict. The total loss proved, including all the expenses incurred was $122.69. The verdict was for $3,500.00. The difference betweeen these amounts presumably represents the jury's estimate of the present worth of the services of a school girl ten years old or her probable earnings, during minority, less the cost of maintenance and education taking into consideration the uncertainties of health and sickness and of life and death. It is inconceivable that the amount of the verdict was the result of an intelligent effort to ascertain or approximate an amount which would be compensation for pecuniary loss. The only proof upon the subject was that she assisted an older sister in household work and the care of younger children of the family. So many uncertain elements enter into any estimate of the pecuniary loss of a parent by the death of a minor child that the subject is always one of difficulty,

but as in other cases, a recovery must be based on proofs, and without them no verdict should be permitted to stand. This subject has been considered in two recent cases, Peters v. Besser, Etc., R. R. Co., 225 Pa. 307, and Beck v. Balt. & Ohio R. R. Co., 233 Pa. 344, in which it was held that there could not be a recovery for items of loss not proved.

The first and second assignments of error are sustained, and the judgment is reversed with a venire facias de novo.