# Ginocchi et ux. *v.* Pittsburgh & Lake Erie Railroad Co., Appellant.

*Negligence—Railroads—Grade crossing—Killing of infant at crossing — Negligence of trainmen — Presumption—Damages for death—Statement of claim.*

1. The law will not presume negligence by a boy thirteen years old, in failing to preserve ordinary precaution for safety at a crossing, but it will leave to a jury to decide whether he had capacity to know and understand his position and acts.

2. In such case, the only thing that can be shown as a basis for compensation, is the age and physical and mental condition of the boy, and the parents' circumstances in life; much must be left to the knowledge and common sense of the jury.

3. It is not material, in such case, that there was no evidence of the probable cost of board, clothing or personal expenses of the child.

Argued March 23, 1925. Appeal, No. 10, March T., 1925, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1923, No. 91, on verdict for plaintiff, in case of Gennaro Ginocchi and Anna Ginocchi v. Pittsburgh & Lake Erie Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of son. Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $3,480. Defendant appealed.

*Errors assigned* were various instructions, quoting record.

*J. N. Martin,* of *Martin & Martin,* for appellant.

*John P. Lockhart,* with him *R. L. Hildebrand,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 13, 1925:

The plaintiffs sued to recover for the death of their son, aged thirteen, and obtained a judgment in the court below. Reversal is asked for the reason defendant was not negligent, and the trial court erred in its instruction to the jury relative to the boy's earning capacity.

At eight o'clock in the morning, the boy was sent with the noon-day meal to his father, employed at the Carnegie Steel Company, New Castle. The street leading to the place where the father worked was crossed by a number of railroad tracks just before entering the plant; some were owned by defendant, the remainder by various other railroad companies. After delivering the lunch, the boy left the plant on his return journey home. There was a Pennsylvania train using the railroad crossing. He stopped on defendant's track immediately adjoining those of the Pennsylvania company, and waited until the train cleared the crossing. When it had passed he continued his walk over defendant's tracks, crossing those of the Pennsylvania, and, for some unknown reason, he turned to recross. Finding the Pennsylvania engine and train in the act of reoccupying the crossing, he waited until it again cleared, then passing from behind it the boy started toward defendant's tracks. The latter's shifting engine was then approaching, about eight feet away. The trainmen could easily have seen the boy, but the engineer and fireman were looking in an opposite direction from where the boy was walking. Without warning of any kind, the train moved towards the boy. Realizing his position, he attempted to escape by running ahead of the engine. He was not quick enough; the engine overtook him, knocked him down and passed over his body, fatally injuring him. This was a much-used crossing by pedestrians as well as by locomotives.

Under this statement of facts the jury was warranted in finding defendant negligent: Parker v. Washington Electric S. Ry. Co., 207 Pa. 438; Kehler v. Schwenk,

144 Pa. 348. Trainmen must not operate trains in this fashion over crossings in the heart of populous cities: Smeltz v. Pa. R. R. Co., 186 Pa. 364; Muscarro v. New York C. & H. R. R. R. Co., 192 Pa. 8; P. & R. R. R. Co. v. Killips, 88 Pa. 405. If they do, and injury results, they will be chargeable with negligence. The law will not presume negligence by a boy of this age in failing to observe ordinary precautions for safety, but leaves the jury to decide whether he had capacity to know and understand his position and acts.

Plaintiffs' statement set forth that, at the time of receiving the injuries, the boy was in sound, healthy condition, and the parents were entitled to the earnings of their son until he became of lawful age; that through the carelessness of defendant he was killed, and because of this plaintiffs were injured and damaged. These averments are sufficient to predicate a specific claim of earning capacity, its loss and compensation therefor. The evidence sustained these allegations, and showed further that he attended public school and was a bright, industrious, intelligent lad in the fourth grade. The father, a laborer, has been employed at his present work since 1913.

In arriving at the sum to be allowed as compensation for loss, ordinarily with a child of these years the only thing that can be shown is age, physical and mental condition, and the parents' circumstances in life. While this evidence is not altogether satisfactory, much reliance is placed on the knowledge and common sense of juries acquired through the experiences of life. They know quite as much concerning the matter as the witnesses called to testify. Simply because the injured person happens to be a child does not place him without the protection of the law, so that compensation for the damage resulting from negligent acts cannot be allowed merely because facts are not, by the evidence, reduced to a certainty. As stated in Hoon v. Beaver Valley Traction Co., 204 Pa. 369, 371, and repeated in Campbell v.

Phila., 252 Pa. 387, "All that a trial judge can do is to state clearly the true ground of recovery, limiting it to the probable pecuniary loss, and pointing out the elements to be considered, and to permit no excessive verdict to stand." See also Sebring v. Bell Telephone Co., 275 Pa. 131, 136; Firestine v. P. & R. Ry. Co., 56 Pa. Superior Ct. 42, 47. That there was no evidence of the probable cost of board, clothing or personal expenses is not material in cases like the one before us; if an attempt had been made to show it, such evidence would be largely a matter of approximate cost, or, in other words, a guess. Very few families keep a record of what it costs to raise children. The court below properly submitted the matter to the jury in a charge which is free from error. While the amount of the verdict might be questioned, in view of the circumstances developed, we cannot say it is unreasonable. After a careful review of all of the evidence, we are satisfied no reversible error appears in this record.

The judgment is therefore affirmed.