## Krasowski et ux. *v.* White Star Lines, Inc., Appellant.

Argued March 22, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Rufus S. Marriner,* with him *John F. Wiley,* for appellant, cited: Koast v. Boro., 236 Pa. 164; Peters v. R. R., 225 Pa. 307.

*Robert E. Burnside,* of *Burnside, Moninger & Burnside,* with him *P. V. Marino,* for appellee, cited: Ginocchi v. R. R., 283 Pa. 378; Hoon v. Traction Co., 204 Pa. 369; Campbell v. Phila., 252 Pa. 387; Sebring v. Telephone Co., 275 Pa. 131; Firestine v. Ry., 56 Pa. Superior Ct. 42; Penna. Co. v. James, 81* Pa. 194.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1932:

Plaintiffs, husband and wife, brought suit against defendant to recover damages for the negligent killing of their minor daughter, between five and six years of age, by one of defendant's busses. The jury rendered a verdict in plaintiffs' favor for $5,000, which the trial judge reduced to $3,000. Contending that the latter sum is an excessive award, defendant brings this appeal.

Under the testimony submitted, the verdict of the jury amounts to nothing so far as justly measuring the damages is concerned. The case is before us as though the judge had heard it without a jury. Under the proofs submitted, we think he might with entire propriety have still further cut down the jury's excessive award. In view of one situation disclosed on the trial, however, we cannot say that there is no warrant in the evidence for his finding.

All that plaintiffs offered on the trial was their own circumstances and surroundings—their manner of living—that the father was a miner and the mother a housewife; that the child was strong and well; that the mother had kept a boarder; that the expenses incident to the death of the child amounted to $380.05; and that

the mother had been seriously injured in the same accident in which the child was killed (for which she recovered damages) with the result that she had partially and permanently lost the use of her right arm, to such an extent that she cannot comb her own hair or fully perform her household duties, such as doing the family washing and the housecleaning. It is quite conceivable that the dead daughter, as she increased in years, could have been of material aid to the mother in doing the things which her injuries incapacitated her from doing and thus could have been of financial aid to the parents. In this there would seem to be at least some warrant for the court's conclusion as to plaintiffs' pecuniary loss. Under the circumstances, we have concluded to allow the judgment to stand.

It is contended in defendant's behalf that there should be no recovery for a greater amount than the expenses incurred by plaintiffs, and Kost v. Ashland Boro., 236 Pa. 164; Peters v. Bessemer & Lake Erie R. R. Co., 225 Pa. 307, and Wilson v. Consolidated Dressed Beef Co., 295 Pa. 168, are cited in support of the proposition that there must be proof of damage in order to sustain a verdict awarding it. Of course there must be. We cannot say, however, that this case is entirely barren of proof. As Mr. Justice KEPHART said, writing the opinion in Ginocchi v. Pittsburgh & Lake Erie R. R. Co., 283 Pa. 378, the evidence of damages in this class of cases is not altogether satisfactory and much reliance must be placed on the knowledge and common sense of juries acquired through the experiences of life. To which we may add that there should be also the sound, conservative judgment of the trial judge. We are not prepared to say that such was not exercised in the pending case, although, as before stated, a much smaller verdict could we think have properly been approved. Trial judges in cases of this kind should be guided by what was said by Chief Justice FELL in Kost v. Ashland Boro., 236 Pa. 164, and

by Justice KEPHART in Ginocchi v. Pittsburgh & Lake Erie R. R. Co., 283 Pa. 378.

The judgment is affirmed.