Oestreich et ux., *v.* Zibman, Appellant.

Argued October 4, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George H. Detweiler,* for appellant, cited: Martin v. Pennsylvania Railroad Co., 266 Pa. 282.

*D. Byrne Flynn,* and with him *John P. Boland,* for appellee.

OPINION BY KELLER, J., November 17, 1933:

This was an action of trespass, tried before the learned President Judge of the court below, without a jury. The plaintiffs were the father and mother of Frederick Oestreich, a minor, nineteen years old, who was killed while riding as an invited guest in an automobile owned and operated by the defendant.

The court found that the defendant was negligent; that his negligence caused Frederick Oestreich's death; that Frederick Oestreich was not guilty of contributory negligence; that the plaintiffs were not guilty of contributory negligence; and that plaintiffs suffered damages in the sum of $1,500, for which amount judgment was entered in their favor against the defendant, who has appealed.

Appellant does not here question the findings, (1) that he was negligent, and (2) that his negligence caused the accident resulting in young Oestreich's death. The evidence is sufficient to sustain them. He raises four questions, all of which must be decided against him.

(1) He contends that the defendant and deceased minor were engaged in a joint enterprise and that in

consequence the former is not responsible for the damages resulting from his negligence to the parents of the dead boy. They were not engaged in a "joint enterprise," as that term has been construed by our Supreme Court in Simrell v. Eschenbach, 303 Pa. 156, 154 Atl. 369, and Rodgers v. Saxton, 305 Pa. 479, 158 Atl. 166. The plaintiff's son was a mere guest of the defendant having no control or voice in the management of the automobile. But the term has no application in a case like this, where the action is by an injured guest or passenger against the negligent driver of the car in which he was riding. It is applied in actions against a third person whose negligence is alleged to have caused the accident, and who defends on the ground of the contributory negligence of the plaintiff's driver, and sets up that the plaintiff was jointly responsible for its control and operation. Even a master, who is responsible to third persons for the negligent operation of his car by his servant or driver, may have an action against the latter for personal injuries or property damage inflicted on him by the negligence of his servant or driver, if not participated in by himself.

(2) He argues that the deceased minor was guilty of contributory negligence because he did not protest against the negligent driving of the defendant. The evidence showed that the accident occurred late at night and that young Oestreich was dozing at the time, in the back seat; and that while the driver also was dozing for a moment or two the car ran into a pole. Oestreich was not required to keep awake and alert and on the watch for the driver's negligence. But here again the appellant mistakes the doctrine on which he relies. Just as in the preceding discussion, it is applied in cases where an action is brought by an injured passenger or guest against a third person whose negligence together with that of the driver

brought about the accident and injury. In such cases the rule is that when possible dangers arising out of the negligent operation of a hired vehicle, or a conveyance in which one is riding as an invited guest, are manifest to a passenger, who has any adequate opportunity to control the situation, if he sits by without protest and permits himself to be driven on to his injury, he is guilty of negligence which will bar his recovery against the negligent third person. While the negligence of the driver is not imputed to the passenger the latter is fixed with his own negligence when he joins the former in testing manifest dangers. See Hardie v. Barrett, 257 Pa. 42, 101 Atl. 75; Azinger v. P. R. R., 262 Pa. 242, 105 Atl. 87; Cormican v. Menke, 306 Pa. 156, 162, 163, 159 Atl. 36. The rule does not apply in an action against the negligent driver of the car in which the injured person was riding unless he himself participated in, or contributed to, the negligent operation of the car.

(3) Appellant contends that the plaintiffs must be held guilty of contributory negligence as matter of law because they permitted their nineteen year old son to be driven by the defendant, with two or three other youthful companions, in an automobile late at night— (they started at 12:05 A. M.)—on a return pleasure trip from Girardville to Philadelphia. We know of no rule of law that would compel such a conclusion. The likelihood of an accident such as this resulting from such a trip is not so imminent and manifest as to require a court to hold that in permitting it plaintiffs tested a known danger. The matters of fact relative to the negligence of the defendant and the contributory negligence of the plaintiffs were for the trial judge sitting without a jury, and we find nothing in the evidence that would require us to reverse his findings.

(4) The finding of the trial judge in favor of the

plaintiffs for $1,500 was not so large as to shock the conscience or require a reversal. On this point the learned court below said: "The trial judge, however, had the right to take into consideration the fact that the son was just 19 years of age at the time of his death, and it might fairly be presumed that during the two years which remained until he reached his majority he would normally have increased his earnings and would have been correspondingly more of a financial asset to his parents, just as it is generally taken for granted in the case of older men that their earnings will decrease as they pass into the later stages of life. Up to a certain time a child of course is an expense, but later on, especially during the last two years of his minority, there is a reasonable probability of a substantial reversal of that situation." See Krasowski v. White Star Lines, 307 Pa. 470, 162 Atl. 200; Kost v. Ashland Borough, 236 Pa. 164, 84 Atl. 691; Ginocchi v. P. & L. E. R. R., 283 Pa. 378, 129 Atl. 323. The amount of the funeral bill seems extravagant in view of the circumstances of the parties, but the court did not allow it as a specific item. If the parents saw fit out of the pecuniary damages which they received by reason of the death of their son to spend an extravagant amount for his funeral services, the defendant is not in a position to complain.

We have not considered any matters not raised by the statement of questions involved.

The assignments of error are overruled and the judgment is affirmed.