## Dougherty *v.* Brandt, Appellant, et al.

Argued April 24, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*John E. Winner,* with him *Floyd V. Winner,* for appellant.

*John Duggan, Jr.,* with him *J. Howard Devlin,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

The plaintiff obtained a judgment in an action of trespass for personal injuries, and Herman P. Brandt appealed.

On October 8, 1931, about 10 p. m., the plaintiff, in company with several relatives, called at the place of business of the appellant, an undertaker, to arrange for the burial of a deceased aunt. She observed as she approached the appellant's premises that the ground had been excavated and filled in with cinders preparatory to laying a concrete walk to the porch in front of defendant's office. Three concrete steps, 5 feet in length, which plaintiff testified appeared to be new, led to this porch. She saw on the second step a plank or board about 2 inches thick, the width of the riser, and about 3 feet long, which looked to be solid but yielded slightly to her weight as she ascended the steps. It required about an hour and a half for the party to transact their business, and plaintiff stated that in descending from the porch she stepped on this loose board, which moved forward under her weight, throwing her to the ground and injuring her ankle.

The appellant's first and the principal contention is that there was no proof of his negligence to submit to

the jury and therefore the court should have affirmed his point for binding instructions or granted his motion for judgment n. o. v.

This is not a case where defendant's negligence may be presumed from the proof of an accident. The plaintiff was required to go further and to show that the defendant did not exercise reasonable care to keep in proper condition that portion of his premises used by invitees in entering his place of business, and that his failure to do so was the proximate cause of her injury: Ginocchi et ux. v. Pgh. & L. Erie R. R. Co., 283 Pa. 378, 129 A. 323. The question we must decide is whether she successfully assumed the burden by showing there was on this step a loose plank, such as has been described.

The plank was not an integral part of the steps but was something entirely unrelated thereto and not required for their use. Whether it amounted to a dangerous obstacle to those using the steps, which the defendant should have reasonably anticipated, was not a question of law. It was for the jury to say whether or not the plaintiff was exposed to an unreasonable risk by failure of the defendant to exercise ordinary care under the circumstances. We think the jury was justified in concluding that the use of ordinary foresight would have suggested to the defendant the probability of the loose plank's slipping or moving from the steps so as to endanger persons coming to and going from his office.

In Gibbons et al. v. The Harris Amusement Co., 109 Pa. Superior Ct. 484, 167 A. 250, the plaintiff slipped on a rug in defendant's theatre. We held that as there was no structural defect, and that the rug was not inherently dangerous, there could be no recovery. A rug, however, is a usual floor covering. There was nothing about its condition or its presence on the floor that indicated any negligence upon the part of the defendant. But one does not usually place a 2-inch loose

plank on a concrete step leading to a place of business, and it may, as in this case, create a dangerous condition. Neither the Gibbons case, nor the others cited by appellant are controlling.

Our judgment is that the court would not have been justified in saying, as a matter of law, that no evidence of negligence was proven in this case.

The appellant also argues that the testimony of the plaintiff's witnesses was so indefinite and conflicting that the court should, at least, have granted a new trial. While there was some inconsistency in the testimony offered by the plaintiff, it was for the jury to reconcile the variance and determine the credibility of the witnesses and the weight to be given their testimony: Cuteri v. West Penn Rwys. Co., 305 Pa. 347, 157 A. 686. If we had been sitting as a jury, we might have come to a different conclusion; but that is not controlling. The members of the jury are the triers of fact, and if there is sufficient evidence, as there was here, to sustain their findings, we are not warranted in interfering therewith. "...... a litigant whose case is supported by legally sufficient evidence, cannot be deprived of trial by jury because the circumstances are against him. Nor can a question of fact supported, as here, by the positive evidence of a single witness be withdrawn from the jury, however strong the opposing proof may be:" Saxman v. McCormick, 278 Pa. 268, 272, 122 A. 296.

Judgment is affirmed.