## Blickley et ux., *v.* Forney, Appellant.

Argued December 13, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*L. E. Enterline,* of *Enterline & Kehler,* for appellant.

*Sidney Lappen,* for appellees.

Opinion by Keller, P. J., January 30, 1941:

The plaintiffs' minor son was struck by defendant's automobile and died shortly thereafter as a result of the injuries so received.

Alleging that his death was due to defendant's negligent driving, the plaintiffs brought this action of trespass, and recovered a verdict for $500.

Plaintiffs moved for a new trial because of the inadequacy of the verdict. The court granted the motion and certified that the decision was based solely on the inadequacy of the verdict, to the exclusion of all other grounds.

Defendant appealed.

The evidence in the case showed that the boy who was killed was a healthy, active, helpful child, eight years old; that the parents were people in very moderate financial circumstances—the father was earning $85 a month—and lived in a rented home. They had at the time of the accident nine living children, of whom this

boy was the fifth. One of the children was then of age; of the others, those who were sixteen years of age or older, were working, and their wages went to the support of the family; and all who were old enough to help their mother about the house did so.

The granting of a new trial because of inadequacy of the verdict is a matter largely within the discretion of the trial court, and will not be interfered with by an appellate court except for a clear abuse of that discretion. We are not satisfied that there was any such abuse of discretion in this case.

In recent years our Supreme Court has sustained very substantial verdicts in favor of parents whose minor children, of very tender years, had been negligently killed, even in circumstances where there could be no evidence of the earning capacity of the children because they had not yet attained an age when they could go to work.[1] We do not mean to suggest that a verdict, in order to be adequate, must nearly *approach* the amounts recovered in those cases; the determination must be allowed to rest in the sound discretion of the trial court, which is familiar with local conditions, and saw and heard the witnesses who testified as to the family's circumstances, subject to reversal by an appellate court, if the lower court's action is such as to shock the conscience of the appellate court. We are not so moved by the order of the court below.

While the court below certified that its order granting a new trial was based *solely* on the inadequacy of the verdict, the question thus presented was not one of *law*, within the decisions upon the Act of April 9, 1925, P. L. 221 (*March v. Phila. & W. C. Traction Co.*, 285 Pa. 413, 132 A. 355; *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 121 A. 333; *Harkai v. Pisano*,

---

[1] *Ginocchi v. Pittsburgh & L. E. R. Co.*, 283 Pa. 378, 129 A. 323 ($3480); *Kraskowski v. White Star Lines*, 307 Pa. 470, 162 A. 200 ($5000 reduced to $3000); *Walker v. Perkins*, 319 Pa. 469, 181 A. 511 ($5317.50 reduced to $3500).

88 Pa. Superior Ct. 475, etc.), but of *sound discretion,* and hence not to be reversed by us except in unusual circumstances not here present.

The order is affirmed.