**GRAFF et ux. v. PENNSYLVANIA R. CO. (RAPORT, Third-Party Defendant).**

No. 6938.

United States District Court
E. D. Pennsylvania.

Oct. 8, 1948.

Harry R. Kozart, of Philadelphia, Pa., for plaintiffs.

Barnes, Dechert, Price, Smith & Clark, of Philadelphia, Pa., for third-party plaintiff.

John J. McDevitt, 3d, of Philadelphia, Pa., for third-party defendant.

McGRANERY, District Judge.

Plaintiffs, John and Elizabeth Graff, originally brought this action against defendant, Pennsylvania Railroad Company, for damages suffered as a result of a grade crossing accident. Plaintiff Elizabeth Graff was a passenger in a car which was hit by a Pennsylvania Railroad engine at a grade crossing in Landsdowne, Pennsylvania, at 2:05 A.M. on July 23, 1946. Defendant Railroad Company joined the driver of the automobile, William Raport, as third-party defendant, alleging that his negligence was the sole cause of the accident. The third party complaint was later amended to aver joint negligence on the part of the driver. At the trial, plaintiffs moved to amend their complaint to include a cause of action against William Raport as well as against the Railroad Company. Third-party defendant objected but the amendment was allowed. After instructions that they could find for plaintiffs against either or both defendants, the jury returned a verdict of $300 for plaintiffs against William Raport only, relieving the railroad of any liability. Both plaintiffs and William Raport have filed motions for a new trial, and Raport has filed a motion for judgment n. o. v., as well. The latter motion, however, is not pressed, and rightly so, since there was ample evidence of Raport's negligence justifying submission of the issue to the jury. Both plaintiffs and Raport, in support of their motions for a new trial, urge that the verdict exonerating the railroad company was against the law and the evidence. After examining the record, I feel that there was sufficient evidence to justify the jury's conclusion that the crew of the train was not negligent. The cases cited in support of the motion all concern unsuccessful attempts by a defendant to upset jury verdicts for plaintiff. Scholl, Adm'x v. Philadelphia Surburban Transportation Co., 356 Pa. 217, 51 A.2d 732; Broad v. Pennsylvania Railroad Co., 357 Pa. 478, 55 A.2d 359; Doran v. Pittsburgh Railways Co. et al., 343 Pa. 204, 22 A.2d 826; Ginocchi et ux. v. Pittsburgh & Lake Erie Railroad Co., 283 Pa. 378, 129 A. 323; Naugle v. Reading Company, 145 Pa. Super. 341, 21 A.2d 102. The holdings in all of them indicate that on similar facts the issue of negligence is one for the jury. It is true that in these decisions a finding of defendant's liability was affirmed, but in each case the crew of the train (or trolley) had a far better view of the tracks than in the instant case, or had advance warning of some obstruction. There was testimony in the instant case that the duty of looking out of the left side of the engine belonged to two men, and that one of them, the front brakeman, was properly keeping a lookout when the accident occurred. Moreover, it was a "very rainy and stormy" night, by plaintiff's own testimony. In addition, there was evidence that the engine's whistle was blowing, that the bells were ringing, that the headlights were on bright, and that the train was not going more than five or six miles per hour. Under these circumstances, the fact that the fireman might not have been keeping a lookout, or that other evidence controverted the testimony described above does not persuade me that the issue was not properly one for the jury, or that there has been a substantial miscarriage of justice, justifying a new trial.

Plaintiffs also contend that the verdict is inadequate and Raport further argues that allowing amendment of the complaint just before trial was error. I do not feel that the size of the verdict justifies a new trial. Plaintiffs were awarded a sum of three times their actual expenses. While that amount may have been disappointing, on the facts of the instant case it is not inadequate. Raport's contention, I feel, must similarly fall. He had been brought into the case over a year before by a third party complaint which raised the issue of his negligence to the plaintiffs. Moreover, although objection was made twice to the

amendment of the complaint, there was no request for continuance. Under these circumstances, I do not feel that it was an abuse of discretion to allow the complaint to be amended.

Accordingly, therefore, an order will be entered denying plaintiffs' motion for a new trial and Raport's motions for judgment n. o. v. and for a new trial.