## Linhoss et ux. *v.* Hodgson, Appellant.

340

Argued January 18, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edwin D. Strite,* with him *Sharpe & Sharpe,* for appellant.

*Edmund C. Wingerd,* for appellee, was not heard.

PER CURIAM, February 1, 1933:

This is an appeal by defendant from judgment entered on the verdict in an action of trespass to recover damages for personal injuries sustained in a collision between the automobile of plaintiff and that of defendant. The sole question raised for our consideration is the amount of the verdict, defendant alleging it to be excessive.

The verdict of the jury for the husband was $2,412.50 compensatory damages, with $500 punitive damages additional, and for the wife $15,264.50 compensatory dam-

ages, with $500 punitive damages. After argument upon the motion for new trial, the court below reduced the verdict in favor of the husband in the amount of $1,000, $500 of which represented the item for punitive damages, and as to the verdict for the wife, deducted the item for punitive damages and $3,264.50 of compensatory damages. Remittiturs of these amounts having been filed, judgment was entered in favor of the plaintiffs on the reduced verdicts in the amount of $13,912.50, of which $12,000 represents the verdict for the wife. It is the last sum which we are asked to declare excessive in the circumstances. No other question is raised. We note that only one judgment was entered for the sum of both verdicts. This is contrary to section 2 of the Act of May 8, 1895, P. L. 54, which requires separate judgments. We shall treat the record as amended to accord with the act, instead of returning it for that purpose.

The principal injuries were suffered by the wife, and without reciting in detail the extent of the injuries she sustained, it is sufficient to remark that the accident resulted in fractures of both wrists and the left leg above the ankle. The testimony indicates her left wrist is permanently enlarged, although action is not affected. The right wrist is enlarged and crooked, and its function will always be impaired. The left leg is seven-eights of an inch short, which has reduced to the extent of thirty-four per cent the ability of that member to function normally. In addition, she has an obstruction in the nose as a result of the accident, as well as unsightly scars upon her head and face. At the time of the accident, the wife-plaintiff was a healthy, active woman of about forty-six years of age, who did her own housework. In view of the pain and suffering endured, the disfigurement, and permanent disability, we cannot say as a matter of law that the verdict here is excessive, particularly as we have frequently sustained larger verdicts where the injuries were less extensive. See Petrie v. Kaufmann & Baer Co., 291 Pa. 211; Welser v. United Gas Imp. Co., 304 Pa.

227, and Martin v. Letter, 282 Pa. 286. We have repeatedly said that, on a question of the amount of a verdict, we will reverse only in cases where it is "so grossly excessive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside:" Scott v. American Express Co., 257 Pa. 25, 31; Filer v. Filer, 301 Pa. 461, 465.

The judgments are affirmed.