## Walker et ux. *v.* Perkins, Appellant.

Argued October 1, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Alban W. Curtze,* with him *John B. Brooks* and *Isaac J. Silin,* for appellant.

*Wayne A. Gleeten,* of *Hosbach & Gleeten,* for appellee.

PER CURIAM, November 25, 1935:

David Martin Walker, a child aged six years, seven months and nine days, was on April 19, 1934, struck and instantly killed by an automobile operated by appellant. The boy's parents sued for damages resulting from the death and recovered a verdict in the amount of $5,317.50. The case is before us solely on the question of whether or not the verdict was excessive.

In considering the amount of verdicts in negligence cases our general rule is that we will not disturb a jury's award unless the figure is "so grossly excessive as to shock our sense of justice": Linhoss v. Hodgson, 310 Pa. 339, 342. Nevertheless we do not permit verdicts to stand in cases of this character, where there is no clear evidence of pecuniary loss and the finding of the jury can represent no more than vague conjecture. See Kost v. Ashland Boro., 236 Pa. 164, and Wilson v. Dressed Beef Co., 295 Pa. 168. In other words, where compensation is sought for the death of an infant, the recovery must be commensurate with the proof adduced of pecuniary loss. The determination by the court of the proper amount of a verdict involves a consideration of the age, the physical and mental condition of the child, and its probable earnings during minority as reflected by the occupation and circumstances in life of the parents. Occasionally other factors are involved and should be weighed with all the evidence in determining whether the jury reached a just result. Tested by these rules we are of opinion the verdict in this case is too high.

The deceased child was a healthy active boy who, although only in the first grade at school, had already given indications of being unusually bright and intelligent. The testimony shows that he had been of assistance to his parents in doing light chores about the small farm where they lived. The boy's father conducted a garage in the near-by town of Edinboro, in addition to

raising vegetables and produce on the farm for his own use. There was no other testimony from which the jury could have fixed the probable earning capacity of the boy during his minority or the actual pecuniary loss to the parents, except the evidence as to funeral expenses, which amounted to $317.50. The jury's verdict was therefore highly speculative, and although it is apparent that damages were proper, we are of opinion the figure taken by the jury was clearly too high. In the circumstances we believe that an award of $3,500, which amount includes funeral and other expenses would have been entirely adequate and just, and the verdict is accordingly reduced to that figure.

The judgment of the court below is reduced to the sum of $3,500, and as so modified is affirmed, costs to be paid by appellant.