## Beal *v.* Atlantic States Motor Lines, Appellant.

Argued November 29, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* with him *Arthur H. Hull,* of *Hull, Leiby & Metzger,* for appellant.

*Solomon Hurwitz,* with him *Macey E. Klein* and *Braddock & Sohn,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 3, 1944:

This is an action in trespass by Jonah T. Beal, appellee, against the Atlantic States Motor Lines, appellant, for the recovery of damages for personal injuries resulting from a collision between a passenger automobile in which appellee was a guest passenger and a tractor-trailer owned by appellant and operated by its employee.

A jury returned a verdict of $6132.50 in favor of appellee. Appellant filed a motion for new trial for the reason that the court improperly refused to admit certain evidence. Counsel for appellee objected to the admission of the evidence, which objection was sustained. The record shows that no exception was taken to the action of the trial court in this regard by counsel for appellant. This appeal is taken from the refusal of the court below to grant a new trial.

Appellant contends that the Act of May 11, 1911, P. L. 279, Section 1, as amended by the Act of June 5, 1913, P. L. 421, Section 1, 12 P.S. 1196, relieves counsel of the duty to make a formal exception to any ruling of the court. The Act provides: "It shall not be necessary on the trial of any case, civil or criminal, in any court of record in this Commonwealth, for the trial judge to allow an exception to any ruling of his; but, immediately succeeding such ruling, the official stenographer shall note such exception, and it shall thereafter have all the effect of an exception duly written out, signed and sealed by the trial judge."

That no exception was noted to the ruling of the trial judge is conclusively shown by the record. This failure to note exception to the ruling is fatal to appellant's case: *Kriner v. Dinger*, 297 Pa. 576, 581. Issues which might have been raised are not properly reviewable by this Court under the circumstances here presented.

Judgment affirmed.