Allen, Admr., *v.* Silverman, Appellant.

Argued October 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John D. Ray,* for appellant.

*Myron E. Rowley,* with him *Homer S. Brown, Richard F. Jones, Brown & Jones, Ralph E. Smith* and *Rowley & Smith,* for appellee.

OPINION BY MR. JUSTICE DREW, January 6, 1947:

Walter Allen, a child five years and seven months of age, was struck and fatally injured by a heavy metal cylinder on the property of defendant, William H. Silverman, who was trading and doing business as Midland Ice and Products Company. Two actions in trespass were instituted by his father, Guy Allen, as administrator, one under the "death" statutes,[1] and the other under the "survival" statute.[2] The cases were consolidated and tried together and verdicts were rendered for plaintiff. After defendant's motions for judg-

---

[1] Acts of April 15, 1851, P. L. 669, §19, and April 26, 1855, P. L. 309.

[2] Act of July 2, 1937, P. L. 2755.

ment n. o. v. and a new trial were refused, and judgments entered on the verdicts, he took these appeals.

Reading the testimony in the light most favorable to appellee, the following facts appear: Appellant maintained an ice plant on Penn Avenue, a principal highway in Midland. A concrete loading platform, which slanted somewhat from the wall of his building toward the street, was erected parallel to, four feet back from and four feet above the public sidewalk. Four concrete steps led to the platform from the street level. About eleven months prior to March 17, 1943, appellant himself placed a 400 pound metal cylinder in a horizontal position on the platform, parallel and close to his building. This cylinder was seven feet long and twelve inches in diameter, and contained ammonia. The plant was situated in a residential section. For a long period of time, many children played in the street in front of the building and on the narrow strip of appellant's land at the entrance to the ice plant, which appeared to be an extension of the sidewalk. This strip was four feet wide and ten feet long.

Shortly before one o'clock in the afternoon of March 17, 1943, Walter Allen was on defendant's property, between the platform and sidewalk, talking or playing with appellant's two adult employees who were then off duty for lunch. When it was time for these employees to return to work, they walked up the steps to the platform, and at the same time the child started toward the sidewalk only a few feet away. Immediately after one of the employees had opened the door on the left side of the platform and had entered the ice plant, and before the other had time to follow him, the cylinder rolled off the platform. It struck the child before he had had an opportunity to reach the sidewalk. It was a glancing blow, which knocked him down. He arose quickly and ran across the street to his sister's home. The child died, as a result of the injury he thus sustained, eight days later.

It is the primary contention of appellant that he owed no duty to the boy, under these circumstances, since he was a trespasser when the accident occurred. With this argument we cannot agree.

This case is ruled by the principle set forth in Section 339 of the Restatement of the Law of Torts, which we adopted in *Thompson v. Reading Co.*, 343 Pa. 585, 23 A. 2d 729, and *Altenbach v. Leh. Val. R.R. Co.*, 349 Pa. 272, 37 A. 2d 429. It reads as follows:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

Appellant admitted that for eight years prior to the occurrence of the accident he had knowledge of the presence of young children trespassing upon the very strip of his land (between the sidewalk and the building) where Walter Allen received his fatal injuries on March 17, 1943. A dangerous condition was created by appellant in placing and maintaining the heavy cylinder on this sloping platform, when any reasonable and prudent person would expect it to roll off at any time by the slightest jar or contact, and to cause death or

serious bodily harm to a child standing or playing nearby. The conflicting testimony indicates that either the cylinder never had blocks under it to keep it from rolling off the platform or they had been removed by one of appellant's employees. It is obvious that for but a very slight cost blocks could have been securely fastened to the platform or the cylinder could have been stored in a place not dangerous to children, who, because of their tender age could not be expected to realize the great risk involved in being in close proximity to the platform. Under the circumstances, appellant was required to take into account the presence of children within the area in question and to conduct his activities with reasonable regard for their safety. There was ample evidence upon which the jury could properly predicate its finding of negligence.

Appellant relies upon *Gourley v. Pittsburgh,* 353 Pa. 112, 44 A. 2d 270. The facts of that case are readily distinguishable from those of the instant case. There plaintiff rested his claim solely upon the well known "playground" rule. The most his evidence showed was that the use of the property near the slag pile was by a small group of trespassing boys and such use was but occasional and intermittent, and the property not such as to be generally known as a recreation center in the immediate vicinity. Furthermore, plaintiff there failed completely to show any negligence on the part of defendant municipality. Here, however, appellant had knowledge of many trespassing children on his property for a long period of time, and there was abundant evidence to establish his negligence.

Appellant, while not complaining of the amount of the verdict, under the "survival" statute, does complain that the verdict of $3000 in favor of the administrator under the "death" statutes is excessive. We see no merit in this contention. Our general rule, in considering the amount of verdicts in negligence cases, is that we will

not disturb a jury's award unless the amount is "so grossly excessive as to shock our sence of justice": *Walker v. Perkins,* 319 Pa. 469, 181 A. 511; *Linhoss* v. *Hodgson,* 310 Pa. 339, 165 A. 379. The record discloses no justification for a departure from the general rule.

Judgments affirmed.