Mussolino et ux., Appellants, *v.* Coxe Bros. & Company, Inc.

Argued April 14, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*G. John Bruger,* with him *Frank P. Slattery,* for appellants.

*Leroy Long,* with him *James P. Costello, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, May 26, 1947:

Plaintiffs appeal from the refusal of their motion to take off a compulsory nonsuit. They sue for the death of their child, aged two years and eleven months, drowned in a pond maintained by defendant. They lived in a house on the east side of Fern Street in the Borough of Freeland. Defendant's land is on the west side

of the street, Fern Street being the boundary between the borough and Foster Township. The pond, about 75 feet wide and 1000 feet long, has remained on the land from which coal was removed by a stripping operation many years ago. Almost the entire pond is surrounded by a bank of dirt and rock about 35 feet high. At the eastern end of the pond, at a point nearest plaintiffs' house, there is neither bank nor barrier. The distance from that point to plaintiffs' house is 410 feet and it is at that point where the child is said to have drowned. Between the west side of Fern Street and the pond is open ground. A path extends from Cedar Street (a borough street northwest of plaintiffs' house) across defendant's land in a southeastward direction and passes the end of the pond at a distance variously given; one witness stated it to be five feet. That path is less than 400 feet from plaintiffs' house and has been used for many years by school children going to and from the borough to the Foster Township Grade School in the township a short distance south of plaintiffs' house.

Mrs. Mussolino testified that the child had been playing in their front yard with other children from the neighborhood. She does not appear to have known that the child left their premises. There is no evidence by anyone who saw the child go to the pond.

Plaintiffs contend that they have brought their case within section 339 [1] of the Restatement of the Law of

---

[1] Section 339. "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

Torts, recently considered in *Altenbach v. Lehigh Valley R. R. Co.*, 349 Pa. 272, 37 A. 2d 429, and in *Allen v. Silverman*, 355 Pa. 471, 50 A. 2d 275; that, from the circumstances, the jury would have been justified in finding that defendant maintained on its land a condition requiring reasonable precaution to guard against injury to children on the land by express or implied permission. After averring defendant's ownership, the plaintiffs averred "(5) The defendant Company as a result of stripping operation . . . caused a basin to be excavated . . . accumulating the surface of the soil around the basin, with the exception of the Eastern boundary of the said basin.

"(6) The said basin on November 9, 1942, was filled with accumulation of surface water with no guard rail or any other protection at its Eastern boundary.

"(7) On the said 9th day of November, A. D. 1942, at about 2:30 o'clock P. M., Russell Mussolino, an infant son of the plaintiffs who at that time was two years eleven months and five days old, fell in the water at the said stripping hole and lost his life by drowning.

"(8) The death of the said Russell Mussolino, infant son of the plaintiffs, was caused through the negligence of the defendant Company in failing to provide a guard rail, fence, embankment or some other protection at the Eastern boundary of the said stripping hole and in failing to maintain the services of a watchman on the premises."

The statement of claim is ambiguous in not averring clearly whether the child was on the premises by defendant's permission, express or implied, or whether death resulted from acts of defendant that might be characterized as wilful or wanton. By proceedings under the Practice Act of May 14, 1915, P. L. 483, as amended,

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

defendant, in advance of trial, might have tested the sufficiency of the statement or might have required the plaintiffs to plead more specifically: Sections 20 and 21; [2] compare *Cameron v. Fishman*, 291 Pa. 12, 139 A. 383. Defendant did nothing to clarify the issues but went to trial on the issues made by the statement of claim and the affidavit of defense which neither answered nor denied the averments of plaintiffs' statement. When plaintiffs proposed to show that their child was on the premises by defendant's implied permission, defendant objected on the ground that the fact was not averred in the statement of claim. Plaintiffs' counsel asked about the pathway across defendant's premises, passing the pond and about children of tender years playing there. On defendant's objection to proof of the fact, plaintiffs moved to amend [3] by averring that the premises were used as a playground. Leave to amend was given, defendant's counsel stating that he would not plead surprise. After some testimony supporting the fact averred by the amendment had been received, counsel for the defendant renewed his objection ". . . in view of the fact that this is an attempt to establish a permissive way, and a permissive way is distinct from a playground. THE COURT: If I recall correctly the amendment included the pathway used by the children. MR. SLATTERY: No, the amendment did not, your honor, please, but it is now introduced in this testimony showing the accessibility of children to the playground. THE

_____

[2] Superseded by Rules of Civil Procedure, inter alia, numbers 1028-1033, 1041, effective January 1, 1947.

[3] The amendment proposed was "For upwards of fifteen years the eastern pond was maintained by the defendant, and that the surrounding territory, including the pond, was used freely and continuously by the children of the neighborhood, children living with the families residing on Luzerne Street and Fern Street and elsewhere, used by the children as a playground; that that locality between Luzerne Street and Fern Street and the eastern pond, including the pond, was a nuisance attractive to children of tender years."

COURT: We won't permit permissive use of the right-of-way unless there is an averment. MR. SLATTERY: Well, it is not very material anyhow. THE COURT: All right. Then the objection is sustained. Exception noted." [4]

Some misunderstanding seems to have existed. Apparently, plaintiffs proposed to show that part of defendant's land between Fern Street and the accessible end of the pond had been frequented by playing children for such a long time as to fix defendant with knowledge of that fact and to impose the measure of care stated in section 339 of the Torts Restatement. Defendant objected on the ground that the statute of limitations had run and that to allow the plaintiffs to show that children played on defendant's premises would introduce a new cause of action after the period of limitation. We must reject the contention. The learned court was right in its first ruling that plaintiff might show that the child was on defendant's premises by implied permission. While it is elementary that a plaintiff may not amend to introduce a new cause of action after the period of limitation has expired, the general rule is that he may simplify or make his statement of claim more specific at any time so long as he does not introduce a new agency as the cause of action: compare *Slother v. Jaffe,* 356 Pa. 238; *Coll v. Westinghouse Electric & Mfg. Co.,* 230 Pa. 86, 79 A. 163; *Leland v. Fireman's Ins. Co.,* 127 Pa. Superior Ct. 533, 540, 193 A. 475; *Rooney v. Maczko,* 315 Pa. 113, 117, 172 A. 151. In *Miners Savings Bank v. Naylor,* 342 Pa. 273, 280, it was said that " 'The

[4] Later in the trial plaintiffs asked leave to withdraw the amendment and substitute another to the same general effect; defendant objected and after the objection was sustained made the following motion: "Now, the next step is to strike out the surveyor's testimony that children play there in large groups. I move now to strike it out. We objected to the testimony concerning playground. Then that was admitted, and it was followed by the proposed amendment. THE COURT: We will sustain the objection as to the testimony produced as to playground."

tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?' [citing cases]."

The statement of claim advised the defendant that the child drowned (1) while lawfully on defendant's premises (2) in consequence of its negligence "in failing to provide a guard rail, fence, embankment or some other protection at the Eastern boundary of the said stripping hole and in failing to maintain the services of a watchman on the premises." The plaintiffs were entitled to an opportunity to prove that the child was on the premises by the implied permission of the defendant. Defendant was required to meet the averment that it had failed to exercise reasonable care in the circumstances. It was a matter of defense that the child had no right to be there if that was the fact. The excluded evidence tended to support plaintiffs' contention of implied permission. Whether it was sufficient to support a finding of the fact cannot now be considered because we cannot know what the witnesses, whose evidence was excluded, will say at the trial.

Judgment reversed and new trial awarded.