## Verrichia, Appellant, *v.* Society Di M. S. Del Lazio.

Argued January 11, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Charles S. Shotz,* for appellants.

*Vincent. G. Panati,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, March 19, 1951:

On August 11, 1947, Robert Verrichia, then eight years old, was playing in the back yard of a property known as 2920 N. 21st Street, Philadelphia, when a heavy lawn roller started to move and rolled into him. To recover damages for the injuries thus incurred, his parents, Francis and Rose Verrichia, brought this action against the Society Di M. S. Del Lazio, the owners of the property. At the trial defendant's motion for a nonsuit was granted and this appeal followed the refusal of the court en banc to remove the nonsuit.

The yard in which minor plaintiff was playing when he was injured was approximately nine feet wide and thirty or forty feet long and was used by the members of defendant club to play the game of bocce. A lawn roller was used to keep the ground smooth and level for this game. That roller was three to three and one-half feet in diameter, twelve to fourteen inches wide, and weighed approximately 300 pounds. When not in use it was placed on end and kept at the extreme rear of the yard. The yard was enclosed on three sides by brick and concrete walls and on the fourth by a picket fence. There was a hole in this fence through which, for a period of several years prior to the accident, boys had crawled in order to play in defendant's yard. Minor plaintiff was the only person to testify as to the manner in which the accident happened. He stated that he and another boy were playing in the yard and that they attempted to insert a bar in the roller so that they could move it. Having no success they abandoned their efforts and prepared to leave the grounds when the roller suddenly fell while no one was touching it. Minor plaintiff attempted to get out of its path but in so doing he tripped and fell and the roller

struck him causing the injuries of which he here complains.

The learned court below in refusing to remove the nonsuit held that since the roller was not visible from the street it did not constitute an attractive nuisance and therefore the plaintiffs could not recover. While we agree with the conclusion reached by the court below we cannot subscribe to its reasoning.

Prior to *Thompson v. Reading Co.*, 343 Pa. 585, 23 A. 2d 729, the element of allurement was often considered essential to recovery under the attractive nuisance doctrine. However, in that case we adopted §339 of the Restatement of Torts which eliminates the necessity of enticement onto the premises by the object causing the injury. Since that time we have consistently followed the rule of the Restatement and in *Bartleson v. Glen Alden Coal Co.*, 361 Pa. 519, 64 A. 2d 846, we expressly overruled all cases contrary to it. See also *Allen v. Silverman*, 355 Pa. 471, 50 A. 2d 275; *Altenbach v. Leh. Val. R. R. Co.*, 349 Pa. 272, 37 A. 2d 429. It is apparent, therefore, that the fact that the roller was invisible from the street is not a proper ground for granting a nonsuit.

The Restatement lays down four requirements all of which must be met before a possessor of land is liable for injuries to trespassing children under §339. The second of these is that the condition causing the injury must be shown to have been one of which the possessor knows or has reason to know and which he realizes or should realize involves an unreasonable risk of harm to children. The record discloses that this requirement was not satisfied by these plaintiffs and for that reason the nonsuit was properly entered.

The roller had been kept in the same place for many years prior to the accident. During that time there is no evidence that it had ever fallen or rolled

free. It is common knowledge that a roller of that size normally takes strong men to push it. In fact, the two boys, immediately prior to the accident, had tried for three hours to move the roller but could not because of its weight. That the accident did happen as plaintiff testified cannot here be questioned. But to hold that defendant should have anticipated that a three hundred pound roller standing on end on level ground would fall of its own volition would be going far beyond the standard of care required of reasonable men.

The same result is reached if we accept the more logical assumption that the two boys caused it to fall. The roller when placed on end was standing on its flat, circular side three feet in diameter and extended only fourteen inches in height. In view of its weight, it is beyond the realm of reasonable probability that two small boys could push it over or in any way cause it to fall. That it is possible is proven by the fact that it did happen, but liability is never imposed on the basis of mere possibilities. Clearly the roller was not a condition that was reasonably likely to cause harm within the meaning of §339. See *Bruce v. Pittsburgh Housing Auth.*, 365 Pa. 571.

Plaintiffs proved nothing more than that an odd and unfortunate accident occurred. The evidence totally failed to show any breach of duty on the part of defendants. For that reason the nonsuit was properly entered.

Order affirmed.