## Wolford et vir v. Chambersburg Oil and Gas Company et al. (No. 2)

*Wm. C. Hazlett* and *George S. Black*, for plaintiffs.

*John McD. Sharpe, Charles H. Davison, E. M. Biddle* and *M. Joseph Greenblat*, for Chambersburg Oil and Gas Co., defendant.

*Edwin D. Strite, Sr., Edwin D. Strite, Jr., LeRoy S. Maxwell* and *Anson Good*, for Charles Pryor and Randolph Paull, defendants and for Lillian B. Pryor and First National Bank & Trust Company in Waynesboro, additional defendants.

PER CURIAM, December 21, 1951.—This case is an action in trespass by plaintiffs against defendants for personal injuries suffered by Helen E. Wolford, wife plaintiff.

A rule was issued pursuant to motion of plaintiffs to show cause why they should not be allowed to amend their complaint in a certain particular. Answers were filed to the rule by all of the defendants resisting the proposed amendment.

To understand the effect of the amendment it is only necessary to refer to the complaint generally. The complaint is 17 pages in length. We will consider, for the sake of brevity, Helen E. Wolford as "plaintiff" because Watler K. Wolford, her husband, claims damages only by reason of her injuries and his complaint incorporates in it, to a large extent, the allegations of his wife's complaint without again setting them forth.

458

It is alleged in the complaint that Lillian B. Pryor, a defendant, and First National Bank and Trust Company in Waynesboro, a defendant, are executors and trustees under the will of one Albert R. Pryor, deceased, and as such executors and trustees, operated a gasoline service station and an automobile tire and accessory business on North Second Street in Chambersburg, Pa.; that Charles Pryor, a defendant, was the manager, agent or employe of the executors and trustees immediately in charge of the business; that Ralph Paull, a defendant, was the general manager of several places of business conducted by the executors and trustees, among which was the said business; that plaintiff was an employe of the executors and trustees, required to perform her duties at the place of business under the direction of Charles Pryor, Ralph Paull and the executors and trustees; that the Chambersburg Oil and Gas Company, hereinafter referred to as the gas company, is a gasoline distributor which owned and maintained gasoline tanks and pumps on premises operated by defendants, in their respective capacities, and sold gasoline for resale on the premises, which was placed in its tanks and sold through its pumps located thereon; that the gas company negligently maintained its tank on the premises in such a way as to allow gasoline to seep therefrom to the basement of the building on the premises in which plaintiff was employed, so creating a dangerous condition consisting of the danger of a gasoline explosion, of which condition the gas company knew, and failed to do what it should have done to abate such condition; that the executors and trustees, Charles Pryor and Ralph Paull, knew or should have known of the dangerous condition in the basement of the building, in which plaintiff performed her duties, required plaintiff to work in said building while such dangerous condition existed, did not eliminate such dangerous condition or furnish her a safe place to work, and did not

warn plaintiff of the danger of a gasoline explosion existing in the premises; that while plaintiff was performing her duties a gasoline explosion took place which caused plaintiff serious injury.

The paragraph of the complaint alleging the explosion and ensuing injuries to the plaintiff, being the thirty-third paragraph, reads as follows:

"On or about July 12, 1948, the plaintiff was performing the duties of her employment in the aforesaid gasoline filling station building, and she was seated at a desk at the rear of the room on the Northern side of said building, being the room immediately above the basement to which reference is made above, and while she was there performing the duties of her employment, required by her fellow servants, being the supervisory employes, Charles Pryor, Ralph Paull, and Lillian B. Pryor and First National Bank and Trust Company in Waynesboro, a violent gasoline explosion occurred in the said basement, and the said gasoline explosion hurled her, the said plaintiff, into the air and across the desk, causing to her, the plaintiff, divers serious and personal injuries, to wit: (1) fractured skull; (2) concussion of the brain; (3) broken nose; (4) fractures of both upper jaws; (5) contusions of the chest; (6) lacerations of the forehead; (7) bruises of the body and head; (8) nervous shock; (9) injuries to the brain, and especially to the fourth and sixth cranial nerves on the left side, causing the patient to have double vision; (10) breaking of dentures."

Nowhere is there any allegation that the explosion was caused by the negligence of defendants or anyone of them. It will be noticed that not even is there an allegation that the gasoline explosion occurred by reason of the dangerous condition which had been set forth in the complaint and which was alleged to have been due to the negligence of the defendants. The complaint avers no causal connection between the alleged negli-

gence of defendants and the gasoline explosion which injured Helen E. Wolford, one of the plaintiffs. The complaint is clearly insufficient to properly set forth actionable negligence on the part of the defendants.

Plaintiffs' motion is that they be allowed to amend by adding to paragraph 33 of the complaint after the word "basement" which appears in lines 8 and 9 of paragraph, as above written, the words "which explosion was caused entirely by the negligence of each or all of the defendants, alleged above in this complaint". The amendment is opposed by defendants on the ground that it constitutes a change in the cause of action or the remedying of a fatal defect in the complaint after the period of the statute of limitations has elapsed since the happening of the occurrence set forth therein and the incurring of the injuries complained of.

Plaintiffs in their motion state the amendment is requested "for the purpose of amplifying and making clearer and more definite the causal connection between the injuries alleged and the negligence of the defendants set forth in the complaint". Plaintiffs contend that the original complaint sufficiently avers causal connection between the injuries alleged and defendants' negligence. If they are convinced of the soundness of their position then there is no need for the amendment for the complaint either avers causal connection or it does not. It might well be argued from the numerous allegations of the complaint that it is clear that plaintiffs intended to aver causal connection and that causal connection between the negligence and the damage averred can reasonably be inferred or assumed to be plaintiff's position. However, from the same averments it can be inferred otherwise. A gasoline explosion occurred. Was it by reason of defendant's negligence or from some other cause? A complaint should aver or show clearly a definite causal connection between the negligence charged and the injury. This

is especially true when there are several defendants and all are not charged with the same negligence.

In Charnogursky v. Price-Pancoast Coal Co., 249 Pa. 1, 2-3, it is held: "When the suit is in trespass, especially when the charge is negligence arising out of alleged acts of omission, the grounds of complaint must be stated concisely and distinctly, so that the issues may be formed by a simple plea of 'not guilty'; to do this, facts must be averred sufficient to show that a duty required by law has been breached, or neglected, by the defendant, and plainly to indicate the causal connection between this breach or neglect and the injury complained of."

In 65 C. J. S. 903, §188, it is stated:

"The complaint must show a causal connection between the negligence charged and the injury sustained and must, either by direct averment or by a statement of facts, show that the negligence charged was the efficient and proximate cause of the injury sustained".

"No particular form is required in alleging causal connection between the negligence charged and the injury. Where the acts of negligence are alleged, as a general rule it is sufficient to make a direct general allegation that plaintiff's injury resulted from such negligent acts or that such negligent acts caused the injury".

The amendment proposed is to perfect an imperfect complaint. However, its effect is only to perfect an imperfect statement of the cause of action attempted to be stated in the original complaint and does not constitute the statement of a different cause of action. The alleged negligence is the same, the same measure of damages remains, the same defenses are open and the same measure of proof is required as in the cause of action attempted to be stated in the original complaint.

In Wessling v. Latkanich, 144 Pa. Superior Ct. 317, 319, it is said:

"The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?"

To deprive a litigant of his day in court because of an imperfect pleading in a case in which the pleading, when perfected, sets forth exactly the same cause of action which the original pleading on its face shows was intended to be pleaded would be directly opposed to the present general attitude of courts toward pleadings.

We realize fully that the rule in Pennsylvania is, as stated in Goodrich Amram, vol. 1, comment on Pa. R. C. P. 1033, that the power of amendment may not be used to introduce a new cause of action after the statute of limitations has run: Shenandoah Borough v. Philadelphia, 367 Pa. 180. It can also be argued that an amendment which so changes a complaint, which did not state a cause of action, to make it state a cause of action is equivalent to introducing a new cause of action: Cane Coal Company v. Allegheny County, 68 Pitts. L. J. 633. This may be true where the allegations in the amendment change the character of the acts involved so that that which was not a trespass or negligence under the allegations of the original complaint becomes a trespass or negligence by reason of the amendment.

This court is of the opinion that the present trend and proper approach to an amendment to a complaint, proposed to be made after the statute of limitations has run, is to decide whether or not the complaint, after the proposed amendment, sets forth the same cause of action which was imperfectly stated in the original complaint.

In Mussolino v. Coxe Bros. & Co., Inc., 357 Pa. 10, 15, it is said:

"While it is elementary that a plaintiff may not amend to introduce a new cause of action after the period of limitations has expired, the general rule is that he may simplify or make his statement of claim more specific at any time so long as he does not introduce a new agency as the cause of action. [citing cases]"

In 34 Am. Jur. 217, §263, we find:

"And it has been decided that an amendment, after completion of the limitation period of a complaint demurrable for failure to state facts sufficient to constitute a cause of action is permissible if the facts stated in the original complaint are sufficient when read in the light of the amendment to disclose that the amendment is but the perfection of the imperfect statement of the cause of action attempted to be pleaded, and not the statement of a new or different cause of action."

In Bourdreau v. Tucson Gas Co., 13 Arizona 361, 114 Pac. 547, 33 L. R. A. (N. S.) 196, the court said:

"Where the original complaint fails to state facts sufficient to constitute a cause of action tested by a general demurrer, an amendment filed after the bar of the statute of limitations is complete is not subject thereto, provided the facts stated in the original complaint are sufficient when read in the light of the amendment to disclose that such amendment is but the perfection of the imperfect statement of the cause of action originally attempted to be pleaded, and not the statement of a new or different cause of action."

We realize that care must be exercised in not extending the rule so far as to deprive defendants of a valuable right, the pleading of the statute of limitations, but we see no great danger if we are careful not to include within the purview of the rule, in actions in trespass, any amendment which changes the acts or the character of the acts originally alleged as a trespass or negligence or introduces a new agency as the

cause of action: Mussolino et ux. v. Coxe Bros. & Company, Inc., 357 Pa. 10, 15. The present case is one in which, it seems to us, the proposed amendment can be properly allowed.

Now, December 21, 1951, rule made absolute, amendment allowed and defendants given 20 days to plead to complaint as amended with right to renew and apply preliminary objections, made to original complaint, to the amended complaint without rewriting and refiling same if they so desire.