## Martinelli v. Peters

*Lutz, Fronefield, Warner & Bryant* and *D. T. Spagnoletti*, for plaintiffs.

*Robt. W. Beatty* and *Butler, Beatty, Greer & Johnson*, for defendant.

TOAL, J., June 17, 1963.—This is an action in trespass by a minor, Joan Martinelli, through her parent and guardian, Guy A. Martinelli, to recover damages

suffered by said minor resulting from an accident whereby said minor's right hand was injured. On September 16, 1957, in midafternoon, the minor plaintiff was playing in the back yard of defendant which immediately adjoined plaintiff's back yard. Several other children of the neighborhood were also playing at the scene. The minor plaintiff's right hand came in contact with the blades of a manual, reel-type lawn mower on the premises owned by defendant, resulting in the loss of the first joint of the right index finger and injury to the middle finger.

The case was heard by judge and jury on January 29 and 30, 1963, and at the conclusion of plaintiff's case, the court granted defendant's motion for a nonsuit. Plaintiff has filed a motion to take off the nonsuit and the matter having been orally argued before the court en banc, together with the submission of written briefs by both parties, the case is now ready for a decision.

The following are the material facts, when the evidence and the reasonable inferences are taken most favorable to plaintiffs. Defendant owned the property on which the minor plaintiff was hurt. On the afternoon of the accident, the minor plaintiff, who was then four and one-half years old, was in her home together with her mother. The mother looked out and saw children playing in and around a lawn mower "having a good time". The minor plaintiff suddenly "disappeared" and a few minutes later the mother heard her screaming, ran outside, and found the child had injured her hand. The child appeared to be in a condition of shock. The mother held her hand and then rushed her to a hospital in a neighbor's car. The mother asked immediately upon reaching the child "Joanie, what happened?", to which the child replied, "David (Peters) pushed me into the lawn mower". The mother stated

that Joan was gone from the house only two or three minutes before she heard her screaming. At 3:30 p.m. the mother looked over into defendant's back yard and did not see any children playing there but 15 minutes later they were all there playing. The boys were near the lawn mower and "they" were holding it, but the mother could not say who or how many. She stated that the children in the neighborhood often played in defendant's back yard, including her own and that the lawn mower was there on the Saturday and Sunday before the accident on Monday. She stated that before the accident occurred, the children were running back and forth, playing around with the lawn mower. The mother stated that although she saw the lawn mower out in defendant's back yard on a number of days previous to the accident, she never thought to complain about it being left in the yard near the back porch.

A neighbor testified that she was out on her back patio which adjoined defendant's back yard. She stated she saw children playing there and that Eddie Peters, the 10-year-old son of defendant, had his hands on the lawn mower, and the other children were laughing and playing around it. She said she went into her house and looked out of her bedroom window and saw Joan walk out of her kitchen door. Approximately a minute later, she heard Joan scream and she ran to her window and saw the mother holding Joan. She ran outside to render help.

Joan testified that she was throwing grass into the mower, and that David Peters, a young son of defendant, pushed her in the back and her hand went into the mower. She had gone outside and to the lawn mower and said that Eddie (Peters) was holding it, making it go around in circles, and the other children were around it. She saw another boy throw grass into the mower.

On the question of defendant's liability, plaintiffs seek to bring the case within the rule set forth in section 339 of the Restatement, Torts, which is the law in Pennsylvania. See Bartleson v. Glen Alden Coal Co., 361 Pa. 519, 529, 64 A. 2d 846, provides that:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if '(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.' "

Plaintiffs contend that the evidence adduced at trial supplies all of the foregoing conditions and, consequently, makes out a prima facie case of defendant's liability.

The court is of the opinion that had the lawn mower in question been placed by defendant in his garage, and had his son taken same out of the garage to mow the lawn, and had the son started to mow the lawn, and had the children started to play around the lawn mower while it was being used to cut the lawn, and had little Joan been injured by being pushed into the lawn mower while she was throwing grass into said lawn mower, this case would probably not have been instituted at all. The only difference in the case at bar and the case cited above is that defendant left his lawn mower outside·

of his garage in his back yard and easily accessible to children who might see it resting near the rear porch of defendant's property and might conceivably come in contact with the lawn mower to their injury. The overt act whereby Joan was pushed in the back and her hand came into contact with the blades of the lawn mower is the proximate cause of her injuries, not the fact that the lawn mower was accessible to children more easily than if it had been locked away safely in a garage or some other more inaccessible place.

The contention of plaintiffs, if adopted would extend the rule set forth in section 339 of the Restatement, Torts, beyond the reasonable limits of its intended import. The rule was not intended to impose upon an owner of land the duty of policing the conduct of trespassing young children against dangers of their own creation and *not related to or inhering in the artificial conditions which the owner maintains upon his land.* See the case of Gallagher v. Frederick, 366 Pa. 450, 455 (1951), where the court said:

"The beneficent purpose of the rule will not be subserved by stretching it to the breaking point through an overextended application out of a natural sympathy for a lamentable and most unfortunate injury to a child of very tender years."

This court is of the opinion that defendant had no knowledge, nor notice, constructive or otherwise, of any condition involving an unreasonable risk of death or serious bodily harm to children upon his property. Liability cannot be imposed on the basis of mere possibilities. There is hardly a piece of equipment common to everyday use in the care and maintenance of land or a home that cannot, under certain circumstances, be said to have the possibility of harm or danger. The law still is that the owner of real property is not an

insurer of the safety of persons who may come upon the land as invitees, licensees or trespassers.

Accordingly the following is made:

### Order

And now, June 17, 1963, a motion to take off a compulsory nonsuit on behalf of plaintiffs having been made and the matter having been orally argued before the court en banc, together with the submission of written briefs by each side and after due and deliberate consideration, it is hereby ordered, directed and adjudged as follows: (1) That the motion to take off the compulsory nonsuit entered herein be and it is hereby refused; and (2) that plaintiffs pay the costs.

An exception is granted plaintiffs.